■ MARYANN PIGA, Appellant, v FRANK PIGA, Respondent.—In a matrimonial action, the plaintiff wife appeals from the fourth decretal paragraph of a judgment of the Supreme Court, Suffolk County, dated January 5, 1978, which, *inter alia,* awarded her alimony in the sum of $45 per week and awarded child support in the sum of $15 per child, per week, for a combined total sum of $90 per week. Judgment modified, on the law and the facts and in the interests of justice, by (1) deleting from the fourth decretal paragraph thereof the figures "$45.00", "$15.00" and "$90.00", and substituting therefor the figures "$65.00", "$25.00" and "$140.00", respectively, and (2) deleting from the fourth decretal paragraph thereof the contingency provision, beginning with the words "should the defendant's", and ending with the words "additional child support per child". As so modified, judgment affirmed insofar as appealed from, with costs to plaintiff. The support provisions in the judgment are inadequate to the extent indicated herein. The record indicates that the husband has voluntarily made support payments to the plaintiff which varied between the sums of $275 and $135 per week, the latter sum being paid up until the time of trial. The parties have stipulated that the wife's needs are approximately $235 per week and there is nothing to indicate that such amount is excessive. Under all the circumstances of this case, it was an improvident exercise of discretion for the court to make a total award of only $90 per week; the family's needs are greatly in excess of that amount and the husband has the proven ability to pay a greater amount. We also note that it was improper to include in the judgment a contingency provision providing for an upward modification upon the occurrence of a certain event. A judgment speaks as of the date it is issued and such contingency clauses are contrary to the rules of this Department (22 NYCRR 699.9). Latham, J. P., Rabin, Gulotta and Hawkins, JJ., concur.